UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER TOWERS, et al., | No. 2:24-cv-02965-DC-AC |
| Plaintiffs, | |
| v. | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFFS |
| POST PROPERTIES LLC, et al., | |
| Defendants. | (Doc. Nos. 13, 16, 19) |

This matter is before the court on the unopposed motion to withdraw as Plaintiffs' counsel of record filed by attorney Justin Dennis Harris on January 17, 2025 (Doc. No. 16), and Plaintiffs' *pro se* motion filed on February 10, 2025, in which they request the court dismiss their counsel so they may proceed *pro se* in this action. (Doc. No. 19.) For the reasons explained below, the court will grant the pending motion to withdraw as counsel.

**LEGAL STANDARD**

An attorney's motion to withdrawal as counsel of record is governed by the Local Rules of this court. Specifically, Local Rule 182 provides as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

1

1  L.R. 182(d). In addition, "[w]ithdrawal as attorney is governed by the Rules of Professional
2  Conduct of the State Bar of California, and the attorney shall conform to the requirements of
3  those Rules." *Id*.

4  Rule 1.16(a) of the California Rules of Professional Conduct provides several grounds
5  upon which an attorney "*shall* withdraw from the representation of a client," including if "the
6  client discharges the lawyer." Cal. R. Prof. Conduct 1.16(a)(4) (emphasis added).[1] However,
7  representation shall not be terminated until the attorney "has taken reasonable steps to avoid
8  reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient
9  notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

## ANALYSIS

Here, Attorney Harris moves to withdraw as counsel for Plaintiffs in this action because Plaintiffs notified him in writing on January 17, 2025 that "they were terminating the representation," and "[t]here has been a fundamental breakdown in the attorney-client relationship such that it is no longer productive and to the point that Counsel can no longer effectively represent Plaintiffs." (Doc. No. 16 at 2.) Attorney Harris's motion satisfies the requirements of Local Rule 182(d) because Attorney Harris's supporting declaration states Plaintiffs' current address and details the efforts he made to notify Plaintiffs of the motion to withdraw. (*Id.* at 3–5.)

Moreover, on February 10, 2025, Plaintiffs filed the pending *pro se* motion in which they request that their counsel Attorney Harris be dismissed and "represent that they have serious

---

[1] In contrast to Rule 1.16(a), a withdrawal based on the grounds listed in Rule 1.16(b) is permissive, not mandatory. Cal. R. Prof. Conduct 1.16(b). For permissive withdrawals, the decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008); *see also CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities"). The court need not address these factors in this order because the withdrawal sought by Attorney Harris in the pending motion is mandatory under Rule 1.16(a).

1  irreconcilable differences over the representation of their interests in this matter." (Doc. No. 19 at
2  5.) In particular, Plaintiffs express their dissatisfaction with Attorney Harris's preparation of their
3  first amended complaint (Doc. No. 9), because they believe that complaint was not a "quality
4  document fully capturing [Plaintiffs'] legitimate claims and remedies," and Attorney Harris
5  omitted Plaintiffs' RICO claim from the first amended complaint without their consent to exclude
6  that claim. (Doc. No. 19 at 2.)

7  Under these circumstances, it is clear that Attorney Harris's withdrawal from representing
8  Plaintiffs in this action is mandatory under Rule 1.16(a). Thus, the pending motion to withdrawal
9  as counsel for Plaintiffs will be granted (Doc. No. 16), and Plaintiffs' *pro se* motion requesting
10 that their counsel be dismissed will be granted (Doc. No. 19).

11 Because Plaintiffs have expressed their desire to proceed *pro se* in this case, the court will
12 direct the Clerk of the Court redesignate this case as a Pro Se (PS) action and refer this action to
13 the assigned magistrate judge pursuant to Local Rule 302(c)(21) judge for all pretrial
14 proceedings, including issuing a scheduling order.[2] Further, because Plaintiffs seek to file their
15 own amended complaint to supersede the first amended complaint filed by Attorney Harris on
16 their behalf, and they concurrently filed a proposed second amended complaint with their motion,
17 the court will direct Plaintiffs to file a second amended complaint on the docket within twenty-
18 one (21) days from the date of entry of this order. Consequently, Defendants' pending motion to
19 dismiss the first amended complaint (Doc. No. 13) will be denied, without prejudice to
20 Defendants filing a motion to dismiss in response to Plaintiffs' forthcoming second amended
21 complaint.

22 Finally, to the extent Plaintiff's motion includes a request for permission to file documents
23 electronically in this case (Doc. No. 19 at 4), that request remains pending, to be addressed by the
24 magistrate judge.
25 /////
26

27 [2] Plaintiffs request that the undersigned retain this case, but they do not offer any basis for why
   this case should be excepted from Local Rule 302(c). Thus, Plaintiffs' request that this case not
28 be redesignated Pro Se (PS) is denied.

**CONCLUSION**

For the reasons set forth above:

1. The motion to withdraw as counsel for Plaintiffs (Doc. No. 16) is GRANTED;

2. Plaintiffs' motion to dismiss their counsel (Doc. No. 19) is GRANTED;

3. The Clerk of the Court is directed to terminate Attorney Justin Dennis Harris as the counsel of record for Plaintiffs;

4. Attorney Justin Dennis Harris shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding release of a client's papers and property and return of unearned fees;

5. Within twenty-one (21) days from the date of entry of this order, Plaintiffs shall file their second amended complaint;

6. Defendants' pending motion to dismiss (Doc. No. 13) is denied without prejudice to Defendants filing a motion to dismiss in response to Plaintiffs' forthcoming second amended complaint;

7. Plaintiffs' request for permission to file electronically (Doc. No. 19) remains pending to be addressed by the assigned magistrate judge;

8. Plaintiffs are substituted in *pro se* and are directed to comply with all future hearing dates and the rules of the court;

9. The Clerk of the Court is directed to enter the following contact information as Plaintiffs' addresses of record;

   Roger Towers
   95 54th St. SE
   Washington, DC 20019

   Catherine Towers
   95 54th St. SE
   Washington, DC 20019

10. In light of this order, the Clerk of the Court is directed to redesignate this case as a Pro Se (PS) action, and this action is referred to Magistrate Judge Allison Claire pursuant to Local Rule 302(c)(21); and

/////

11. The Clerk of the Court is directed to serve this order on Plaintiffs by mail at their addresses of record.

IT IS SO ORDERED.

Dated:  **February 11, 2025**  _____
Dena Coggins
United States District Judge